

# NUMBER 13-17-00576-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAUL ERNESTO SILVA,                                Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 24th District Court
### of Calhoun County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Longoria, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

Appellant Raul Ernesto Silva appeals from his conviction for aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(e) (West, Westlaw through 2017 1st C.S.). The trial court found Silva guilty of the offense and sentenced him to forty years in the Institutional Division of the Texas Department of Criminal Justice. Determining that there are no errors that would result in reversal,

counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.    We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California,* Silva's counsel filed a brief stating that, after a thorough review of the record, "there are no errors that would result in the reversal of the judgment, conviction and sentence in this matter."    *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal.    *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, Silva's counsel has discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error.    *See* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).    Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal; (2) notifying Silva that counsel has filed an *Anders* brief; (3) providing Silva with a copy of the *Anders*' brief, which include counsel's request to withdraw; (4) informing Silva of his right to review the record, to file a pro se response, and to seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (5)

providing Silva with a form motion for pro se access to the appellate record, lacking only Silva's signature and including the mailing address for this Court.[1]  *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  The District Clerk has informed this Court that the clerk's record was delivered to Silva on August 1, 2018 and the reporter's record on August 2, 2018.  Silva's motion to extend time to file his response was granted until November 30, 2018.  An adequate amount of time has passed, and Silva has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record, counsel's appellate brief which includes his request to withdraw, and the State's response.  We have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  We affirm the judgment.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, counsel has requested to withdraw as counsel.  *See*

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

*Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on November 2, 2018. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Silva and to advise Silva of his right to pursue a petition for review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 19th
day of December, 2018.

---

[2] No substitute counsel will be appointed. Should Silva wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.